2005 ND 87

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Douglas A. CHRISTENSEN, A Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,**

v.

**Douglas A. Christensen, Respondent.**

**Nos. 20050138, 20050139, 20050140.**

Supreme Court of North Dakota.

May 13, 2005.

PER CURIAM.

[¶ 1] Douglas A. Christensen was served Summonses and Petitions for Discipline in three separate matters: Supreme Court No. 20050138, the University Hotel Development ("UHD") matter; Supreme Court No. 20050139, the Ralph Boone, Jr., matter ("Boone"); and, Supreme Court No. 20050140, the Michael Hart and Cameo Homes, Inc. ("Hart") matter. Christensen admitted service of the Summonses and Petitions for Discipline on October 28, 2004, November 11, 2004, and April 4, 2005, respectively. Christensen answered in the UHD and Boone matters, denying any ethical violations.

[¶ 2] A Stipulation and Consent to Discipline was filed for all three matters on April 19, 2005. In the Stipulation and Consent to Discipline, Christensen admits he was licensed to practice as an attorney in North Dakota on July 21, 1971, and has been an attorney at law since that time.

**UHD Matter**

[¶ 3] In the Stipulation and Consent to Discipline, Christensen stipulates that Jon Jensen and Daniel Gaustad, Christensen's partners in the Pearson Christensen law firm, were retained by UHD, the ownership entity created for the development of the Hilton Garden Inn Hotel project on the campus of the University of North Dakota, in November 2001. No written fee agreement was entered into between Jensen and Gaustad and UHD. However, when UHD retained Jensen and Gaustad, UHD gave instructions that it did not want Christensen involved in the matter. Jensen and Gaustad complied with UHD's instructions, but Christensen learned of the firm's retention by mid-January 2002.

[¶ 4] When UHD retained Jensen and Gaustad, UHD knew Christensen was a partner of Jensen and Gaustad and was also an elected member of the Grand Forks City Council. As such, UHD knew Christensen would likely be called upon to vote on matters relating to the campus hotel project. Christensen's dual roles as law firm partner to Jensen and Gaustad and as Grand Forks City Council member

required the Pearson Christensen firm establish adequate measures to assess potential or actual conflicts arising from Christensen's service as Grand Forks City Council member, and to regularly re-assess potential or actual conflicts. The absence of such measures, combined with the lack of communication between Jensen, Gaustad and Christensen, created the appearance that Gaustad and Christensen had potentially conflicting roles regarding promotion of the investment package for the Hilton Garden Inn, legislative issues relating to assessments for "for-profit" entities on state-owned property, and infrastructure funding issues related to UHD.

## Boone Matter

[¶ 5] In the Stipulation and Consent to Discipline, Christensen further stipulates that beginning in 1987, he represented Ralph Boone, Jr., in various estate planning matters. Christensen drafted a will for Ralph Boone dated June 10, 1987, and a codicil dated December 31, 1996. In May of 2001, at Ralph Boone's request, Christensen drafted a Durable Power of Attorney for Boone, naming Boone's nephew Stephen Boone as his Attorney–In–Fact. In July 2001, Christensen, at Ralph Boone's request, created an irrevocable trust naming Christensen and Stephen Boone as co-trustees. The trust also authorized Stephen Boone to act individually on behalf of the co-trustees. Under the terms of the trust Stephen Boone's actions were to be reviewed quarterly by Christensen. Ralph Boone reserved the right to call for the resignation of one or both trustees, and neither trustee received compensation.

[¶ 6] On March 30, 2002, Ralph Boone married Adele Hankey in Cavalier, North Dakota. As Attorney–in–Fact, Stephen Boone questioned Ralph Boone's competence to marry and, authorized Christensen to commence an action for annulment or divorce on Ralph Boone's behalf. Stephen Boone also requested Christensen to petition the court to appoint Stephen Boone as guardian of Ralph Boone as an incapacitated person.

[¶ 7] On April 8, 2002, Christensen commenced an annulment/divorce action, as Ralph Boone's attorney, and under the direction and authority of Stephen Boone as Attorney–in–Fact for Ralph Boone. On May 7, 2002, Christensen, representing Stephen Boone, commenced guardianship proceedings. In doing so, Christensen acted on the good faith belief he was dealing with a client under disability in a manner consistent with ABA Formal Ethics Opinion 96–404. Christensen concedes that ABA Formal Ethics Opinion 96–404 provides that a lawyer for a client under a disability may consult with the client's family, and may even petition the court for the appointment of a guardian and recommend a particular person for the position, but a lawyer should not attempt to represent a third party petitioning for the appointment.

[¶ 8] On June 11, 2002, the trial court appointed John Thelen as Guardian Ad Litem for Ralph Boone in the guardianship proceedings, and further ordered the appointment of a clinical psychologist and a visitor. The trial court ordered the appointment of John Thelen as Guardian Ad Litem for Ralph Boone in the annulment/divorce proceedings, concluding that "Stephen Boone may have interests that are not consistent with those of Ralph Boone, Jr." The trial court further ordered that Christensen could continue to represent Ralph Boone, through Stephen Boone, who holds power-of-attorney authority. In a Memorandum Opinion, the trial court concluded that additional counsel was not necessary and that Thelen, who is also a licensed attorney, would be appointed to act as guardian and attorney for Ralph

Boone. The annulment/divorce case and guardianship proceedings were later resolved by stipulation.

### The Hart Matter

[¶ 9] In the Stipulation and Consent to Discipline, Christensen stipulates that Michael Hart and his business, Cameo Homes, Inc., were longstanding clients of the Pearson Christensen law firm, as was Lumber Mart, Inc. In the fall of 2002, Lumber Mart asked Christensen to draft mechanic's liens on a debt owed by Cameo Homes. Christensen drafted the mechanic's liens and gave them to Lumber Mart, which recorded them. At the same time, Pearson Christensen partner Jon Jensen was representing Cameo Homes in a federal court action.

[¶ 10] After drafting the mechanic's liens, Christensen agreed to represent Lumber Mart against the respective homeowners through enforcement of the mechanic's liens, while deferring a collection action against Cameo Homes to another attorney. When a third-party complaint brought Cameo Homes into the mechanic's lien enforcement proceedings as a named party, Christensen recognized the conflict and attempted to obtain a waiver, which was never received. Christensen continued to correspond with the parties and signed settlement documents as the attorney for Lumber Mart, Inc., reasoning that settlement of the cases rendered the conflict moot.

### Discipline

[¶ 11] In the Stipulation and Consent to Discipline, Christensen stipulates that his conduct in the UHD, Boone, and Hart matters violated N.D.R. Prof. Conduct 5.1, Responsibility for an Associated Lawyer's Compliance with Rules, N.D.R. Prof. Conduct 1.7(a) and (c), Conflict of Interest: General Rule; and N.D.R. Prof. Conduct 1.10, Imputed Disqualification: General Rule.

[¶ 12] Christensen consents to discipline in the form of a reprimand by the North Dakota Supreme Court under Standard 4.33, N.D. Stds. Imposing Lawyer Sanctions. Christensen further consents to provide proof of the successful completion of the Multistate Professional Responsibility Examination within one year under Standard 2.7(f), N.D. Stds. Imposing Lawyer Sanctions, and to pay the costs of $3,750.00 incurred in the investigation of the three matters, mitigated by Christensen's cooperation in resolving them. See N.D.R. Lawyer Discipl. 1.3(D), and Standard 2.7(b), N.D. Stds. Imposing Lawyer Sanctions.

[¶ 13] These matters were submitted to three separate Hearing Panels for consideration. On April 19, 2005, the Hearing Panels filed a Combined Report of Hearing Panels under N.D.R. Lawyer Discipl. 3.1(F)(2).

[¶ 14] The Hearing Panels reviewed the Stipulation and Consent to Discipline, and concluded Christensen's conduct violated N.D.R. Prof. Conduct 5.1, Responsibility for an Associated Lawyer's Compliance with Rules, because Christensen failed to provide adequate measures to assess and regularly reassess potential or actual conflicts arising from his law practice and service as a member of the Grand Forks City Council. Further Christensen's conduct violated N.D.R. Prof. Conduct 1.7(a), Conflict of Interest: General Rule, because Christensen's loyalties in the Boone matter were impaired by conflicting responsibilities as the lawyer for Ralph Boone, Jr., and as the lawyer for Stephen Boone and, in the Hart matter by the Pearson Christensen law firm's conflicting responsibilities to two longstanding clients of the firm who became adversaries in litigation. Christensen's conduct further violated N.D.R. Prof. Conduct 1.10,

Imputed Disqualification: General Rule, because Christensen undertook the representation of Lumber Mart, Inc., when his partner, Jensen, would have been prohibited from doing so.

[¶ 15] The Hearing Panels recommended that Christensen be reprimanded under Standard 4.33, N.D. Stds. Imposing Lawyer Sanctions; that Christensen provide proof of the successful completion of the Multistate Professional Responsibility Examination within one year under Standard 2.7(f), N.D. Stds. Imposing Lawyer Sanctions; and that Christensen pay the costs incurred in these proceedings of $3,750.00 under N.D.R. Lawyer Discipl. 1.3(D), and Standard 2.7(b), N.D. Stds. Imposing Lawyer Sanctions. The Supreme Court considered the matter, and

[¶ 16] ORDERED, the Combined Report of Hearing Panels of the Disciplinary Board is accepted.

[¶ 17] FURTHER ORDERED, Douglas A. Christensen is reprimanded for violation of N.D.R. Prof. Conduct 5.1, Responsibility for an Associated Lawyer's Compliance with Rules; N.D.R. Prof. Conduct 1.7(a), Conflict of Interest: General Rule; and N.D.R. Prof. Conduct 1.10, Imputed Disqualification: General Rule.

[¶ 18] FURTHER ORDERED, Douglas A. Christensen provide proof of the successful completion of the Multistate Professional Responsibility Examination under Standard 2.7(f), N.D. Stds. Imposing Lawyer Sanctions, within one year from the date this order is filed.

[¶ 19] FURTHER ORDERED, Douglas A. Christensen pay the costs incurred in these proceedings of $3,750.00, payable to the Secretary of the Disciplinary Board.

[¶ 20] DALE V. SANDSTROM, Acting C.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

[¶ 21] The Honorable GERALD W. VANDE WALLE, Chief Justice, deeming himself disqualified, did not participate in this decision.